UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | 4:24-cr-00543 |
| § | |
| BRADLEY RICKENBACKER § | |

MOTION TO REVOKE DETENTION ORDER

COMES NOW, **BRADLEY RICKENBACKER**, the Defendant by and through his attorney of record, Michael DeGeurin, and files this Motion to Revoke Detention Order. In support thereof, Defendant states as follows:

Background

1) Defendant was indicted on February 11, 2025, and a 34-count superseding indictment returned on April 10, 2025, along with fourteen (14) co-defendants in the above-captioned case. Mr. Rickenbacker is charged in Counts 1-3 and a forfeiture.

   a. Count 1- Mr. Rickenbacker is charged with along with six co-defendants Racketeering Conspiracy in violation of Title 18, United States Code, Section 1962(d).

   b. Count 2- Mr. Rickenbacker is charged with along with six co-defendants, Assault with a Dangerous Weapon in Aid of Racketeering Activity and Assault Resulting in Serious Bodily Injury in Aid of

    Racketeering Activity alleged to have been committed on September 26, 2020, in violation of title 18, United States Code, Sections 1959(a)(3) and 2.

   c. Count 3- Mr. Rickenbacker is charged with three other defendants with on September 26, 2020, the possession, brandish or discharge of a firearm in relation to Count 2 in violation title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

2) The Magistrate Judge held a detention hearing on February 26, 2025 and continued March 3, 2025. After a Detention hearing the Magistrate Judge entered an order of detention on March 3, 2025. Docket Entry 212. The Court determined that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

3) On September 15, 2025, this Court deemed the case to be complex. Docket Entry 326.

4) At the time of the detention hearing Mr. Rickenbacker was living with a co-defendant and his wife and did not have alternative place to live.

5) Mr. Rickenbacker has been offered job and place to live. Scott Valinga has offered Mr. Rickenbacker full-time employment at Rental Xpress and a place to live. Rental Xpress 214 Tubb Road, Big Spring Texas 79720. Rental Xpress is an oilfield rental company. See attached.

6) Mr. Rickenbacker is an honorable discharged Navy veteran. Mr. Rickenbacker has no criminal convictions and has been working as an elevator repairman up to his arrest in this case.

## Legal Standard

Under the Bail Reform Act, 18 U.S.C. § 3142, pretrial detention is intended to be limited in scope and duration, ensuring that an accused is not unnecessarily deprived of liberty before trial. Pretrial detention can "become excessively prolonged, and therefore punitive," resulting in a due process violation. *United States v. Salerno*, 481 U.S. 739, 747 n.4, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). The Bail Reform Act does not contain time limits on pretrial periods of detention. However, the Speedy Trial Act set ninety (90) days as the normal limit for pretrial delay. 18 U.S.C. § 3161.

Section 3142(f)(2)(B) allows for the reconsideration of detention orders if new information material to the detention determination becomes available.

## New and Material Information

At the time of the detention hearing, the Court did not have before it a clear picture of the protracted timeline of this case, which significantly extends the anticipated pretrial detention period. The complexity of a mega multi-defendant case introduces scheduling delays, voluminous discovery, and extended pretrial motion practice, which may result in an inordinate period of detention for Defendant prior to trial.

At the time of the Bail Reform Act the availability of electronic monitoring was in its infancy. The reliability and effectiveness of electronic monitoring with the addition of self-contained GPS monitoring has continued to develop over the years and has become ubiquitous in its use in pretrial release throughout the States and the Federal system.

## Less Restrictive Conditions Are Available

Defendant is willing to abide by any and all conditions the Court deems necessary to reasonably assure his appearance and the safety of the community, including but not limited to electronic monitoring, home detention, third-party custodianship, and restricted travel.

The continued detention of Defendant, absent a trial date in the foreseeable future, results in an unfair deprivation of liberty contrary to the intent of the Bail Reform Act.

WHEREFORE PREMISES CONSIDERED, Defendant respectfully requests that this Honorable Court revoke the existing detention order and release Defendant on appropriate conditions pending trial.

Respectfully Submitted,

/s/ Michael DeGeurin
Michael DeGeurin
Federal Bar No. 23288
Foreman DeGeurin & DeGeurin

300 Main St. 3rd Floor
Houston, Texas 77002
Telephone No. (713) 655-9000
Facsimile No. (713) 655-1812

Attorney for Bradley Rickenbaker

## CERTIFICATE OF CONFERENCE

The government is opposed to this Motion to Revoke the Detention Order.

/s/ Michael DeGeurin

Michael DeGeurin

## CERTIFICATE OF SERVICE

On the day of filing a true and correct copy of this filing was emailed to Assistant United States Attorney.

/s/ Michael DeGeurin

Michael DeGeurin