**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>Plaintiff,<br><br>v.<br><br>**BRANDON K. HANTZ**,<br><br>Defendant. | **Case No.** 24-00543-11-CR-H-KPE |

**GOVERNMENT'S RESPONSE IN**
**OPPOSITION TO DEFENDANT'S MOTION FOR SEVERANCE**

The United States of America, by and through its undersigned counsel, respectfully submits its response in opposition to Defendant's Motion for Severance. (D.E. 497.) Defendant argues that he would be prejudiced if he is tried together with his co-defendants. However, Defendant and his charged co-defendants were properly joined, and he cannot demonstrate the specific compelling prejudice necessary to warrant severance. For the following reasons, Defendant's motion should be denied.

## I. BACKGROUND

This prosecution arises from state and federal investigations of violence—including murders, shootings, robberies, and drug distribution—perpetrated by members and associates of the Bandidos Outlaw Motorcycle Gang ("OMG"). In 2019, a turf war began between the Bandidos and the Brother's East Motorcycle Gang ("B*EAST"). As a result of the turf war, violence increased between the rival gangs. During the war, Bandidos members were expected to commit violence against any B*EAST members they encountered. Defendant was a member of the Bandidos in the Houston, Texas, area during the conflict with B*EAST, which is ongoing.

A. *Indictment and Procedural History*

On February 11, 2025, a federal grand jury seated in Houston, Texas, returned a superseding indictment charging Defendant with racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); and arson of a building used in interstate commerce, in violation of 18 U.S.C. §§ 844(i) and 2. (D.E. 67.) On April 10, 2025, a federal grand jury seated in Houston, Texas, returned a second superseding indictment charging Defendant with the same offenses. (D.E. 252.) The superseding indictment also charged multiple other alleged members of the Bandidos OMG with crimes including conspiracy to commit racketeering activity. Moreover, the arson with which Defendant is charged is alleged in the overt acts committed as part of the racketeering conspiracy, an addition to other acts by Defendant. (D.E. 252 at 14–17.)

On September 2, 2026, Defendant filed the present Motion for Severance along with a motion seeking a continuance of trial, urging the Court to sever him from the indictment and schedule a separate trial at a later date. (D.E. 497.) The trial was subsequently continued and is presently scheduled for March 29, 2027. For the following reasons, the Government respectfully suggests that Defendant's motion should be denied.

## II. ARGUMENT

A. *Defendant's motion is untimely.*

The Court ordered all pretrial motions under Fed. R. Crim. P. 12(b)(3) be filed no later than February 1, 2026, but implicitly extended that deadline by up to 120 days to June 1, 2026. A motion for "severance of charges or defendants" was one of the pretrial motions due by that deadline and was over 90 days late when filed on September 2, 2026. Fed. R. Crim. P. 12(b)(3)(D). In *United States v. Carr*, the Fifth Circuit noted that:

> District courts obviously have a strong interest in enforcing their deadlines. *See, e.g., United States v. Santana-Dones*, 920 F.3d 70, 80 (1st Cir. 2019); *United States*

> *v. Trobee*, 551 F.3d 835, 838 (8th Cir. 2009) (noting importance of enforcing court-ordered deadlines); see also FED. R. CRIM. P. 12(c)(1). Nonetheless, courts may consider untimely motions for "good cause." FED. R. CRIM. P. 12(c)(3). "[A] showing of good cause requires a showing of cause and prejudice."

83 F.4th 267, 273 (5th Cir. 2023).

Here, Defendant did not attempt to show either. The motion that was filed more than 90 days late with no explanation as to why it was filed late and Defendant did not request permission from the Court to file out of time. Moreover, the motion is for severance, which could have been made at any time previously and is not premised on any meaningful new information. It appears the motion was primarily a tactic to disadvantage the Government in trial preparations, as it was filed within weeks of the previous September 16, 2026, trial setting along with multiple other untimely pretrial motions and a grossly tardy alibi notice.

Without any attempt to explain why such motion was filed outside of the Court's scheduling order, accepting this motion at this late hour would set a poor precedent for future practitioners in federal court and rewards Defendant's gamesmanship. Therefore, the motion should be denied as untimely.

B. *Defendant is properly joined with his co-defendants.*

Federal Rule of Criminal Procedure 8 governs the joinder of both defendants and offenses in a criminal case. Rule 8(b) permits the joinder of defendants in a single indictment where it is alleged, as it is here, that the defendants participated in the same series of criminal acts or transactions constituting the offenses charged. *United States v. Harrelson*, 754 F.2d 1153, 1176 (5th Cir. 1985). Defendants charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried jointly. *See id.* Indeed, "[i]t is the general rule that persons who are indicted together should be tried together." *Id*. at 1174. The propriety of joinder is to be determined from the face of the indictment and the factual allegations in the indictment

must be accepted as true absent prosecutorial misconduct. *United States v. Leach*, 613 F.2d 1295, 1299 (5th Cir. 1980). All of these factors are present in this case and weigh in favor of a joint trial.

Defendant is properly joined with his co-defendants in the second superseding indictment. The case law and statutes make clear the United States has no burden beyond the face of the indictment to show the propriety of initial joinder. The indictment itself names Defendant as a member of the alleged criminal enterprise and charges him with engaging in a racketeering conspiracy in Count One. Co-defendants John Pfeffer, Michael Duphy, Darvi Hinojosa, Bradley Rickenbacker, Roy Gomez, and Christopher Sanchez are charged in that same conspiracy.[1] Defendant himself is explicitly mentioned in Overt Acts 9, 12, 13, 30, and 31. "If an indictment charges RICO violations, offenses committed as part of the pattern of racketeering activity are properly joined even if the defendant objecting is not named in the RICO count." *United States v. Krout*, 66 F.3d 1420, 1429 (5th Cir. 1995). This proposition is well established in the Fifth Circuit:

> [A] RICO conspiracy count can provide the connexity between two otherwise unrelated conspiracies necessary to satisfy the requirements of Rule 8(b). A conspiracy charge, however, is not the only way to establish that acts which appear to be separate are actually part of a series of acts or transactions. When otherwise separate offenses are charged as predicate acts of a substantive RICO count, they may be related to each other in such a way as to satisfy Rule 8(b). Just as a RICO conspiracy charge can provide an overall connection allowing the joinder of otherwise unrelated acts, a RICO substantive count can provide an overall connection that will allow the joinder of seemingly unrelated acts.

656 F.2d 1039, 1051 (5th Cir. 1981); *accord United States v. Bright*, 630 F.2d 804, 812 (5th Cir. 1980) (the nature of racketeering offenses lends itself to joinder because "[t]he gist of the RICO offense . . . is that the defendant, through a pattern of predicate crimes, furthered a racketeering enterprise"). Not only is Defendant named in overt acts committed as part of a racketeering conspiracy, but he is charged in the racketeering conspiracy itself.

[1] Sanchez has pleaded guilty and is pending sentencing.

There can be little question joinder was proper in this case and Defendant does not appear to genuinely contest the initial joinder. Regardless, it is clear from the charging instrument itself that joinder was appropriate.

B. *Defendant cannot demonstrate specific compelling prejudice to sever himself from his co-defendants for trial.*

Federal Rule of Criminal Procedure 14 governs the severance of both defendants and offenses in a single indictment. "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). The presumption in favor of a joint trial for properly joined defendants is strong. "Severance is an exception warranted only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Ledezma-Cepeda*, 894 F.3d 686, 690 (5th Cir. 2018) (internal quotation and citation omitted). This is because joint trials "promote efficiency and protect against the inequity of inconsistent verdicts." *Id*. (internal quotation omitted); *accord Richardson v. Marsh*, 481 U.S. 200, 210, 107 (1987) ("Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability.").

A motion for severance is left to the discretion of the trial court and the strong presumption favoring joint trials can only be overcome by a defendant demonstrating "specific compelling prejudice." *United States v. Lewis*, 476 F.3d 369, 383 (5th Cir. 2007). Even where the "risk of prejudice is high . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539; *see also United States v. Al–Esawi*, 560 F.3d 888, 891 (8th Cir. 2009) ("Only in an unusual case will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder."). Based on the clear and unequivocal statutes, court rules, case law, and anticipated evidence, Defendant was in fact

properly joined and therefore should not be severed from his co-defendants for trial. This is true even if they were not—as they in fact are—charged as co-conspirators.

To demonstrate specific compelling prejudice sufficient to warrant severance, a defendant must show "(1) the joint trial prejudiced him to such an extent that the district court could not provide adequate protection; and (2) the prejudice outweighed the government's interest in economy of judicial administration." *United States v. Owens*, 683 F.3d 93, 98 (5th Cir. 2012). Additionally, a defendant seeking severance "must also show that he [will] not receive adequate protection from the potential prejudice of a joint trial through the court's instructions to the jury." *United States v. Posada-Rios*, 158 F.3d 832, 863 (5th Cir. 1998). Most commonly this is encountered where evidence admissible against some defendants is not admissible against others, which can ordinarily be cured with carefully crafted instructions to the jury. *See Zafiro*, 506 U.S. at 540–41.

Defendant bears the burden of making these showings, *United States v. Hamilton*, 694 F.2d 398, 400 (5th Cir. 1982), and prejudice cannot be presumed from the joint nature of a proceeding alone. *United States v. Harris*, 458 F.2d 670, 673 (5th Cir. 1972). A defendant's burden to overcome the presumption in favor of joint trials is substantial given the Fifth Circuit's skepticism of severance. *Ledezma-Cepeda*, 894 F.3d at 690 ("[O]ur caselaw does not reflect a liberal attitude toward severance." (internal quotation omitted)); *see also United States v. Age*, 136 F.4th 193, 247 (5th Cir. 2025) (variously describing the preference for joint trials as a "heavy presumption" and a "high hurdle").

Defendant appears to argue that a jury will not be able to compartmentalize evidence against various defendants at a joint trial. Other than simply stating the jury cannot do so, Defendant has not demonstrated there is any reason to believe the jury would be unable to

compartmentalize the evidence against the various conspirators in this case. This does not meet the standard. Just because the defendant seated at the table alone may make him look less guilty in the eyes of the jury is not proper grounds for severance. Instead, the defendant "must show more than that a separate trial offered a better chance of acquittal." *United States v. Kane*, 887 F.2d 568, 571 (5th Cir. 1989). Here, the defendant merely makes an assertion without any evidence (or compelling case law) to support such assertion.

Defendant also argues that severance is appropriate because he only participated in a limited subset of acts charged in the indictment and less evidence will apply to him at a joint trial. This is flatly contrary to Fifth Circuit precedent, which provides that "neither a quantitative disparity in the evidence nor the presence of a spillover effect requires a severance." *Krout*, 66 F.3d at 1430. In *Krout*, the Fifth Circuit found that severance was unwarranted even where the defendant in question was not charged in a racketeering count but instead only in associated drug trafficking charges. *Id*. at 1429. The simple fact that this is a racketeering case where more active participants in the enterprise are on trial does not warrant severance. *United States v. Manzella*, 782 F.2d 533, 540 (5th Cir. 1986) ("As in most RICO cases, the evidence here is both massive and complex. It was not so complicated, however, as to prevent the jury from separating the evidence and properly applying it only to those against whom it was offered.").

Defendant is accused of conspiring with multiple other Bandidos members to engage in racketeering activity. The Government must prove the existence of the racketeering enterprise at trial and further show that Defendant was aware the enterprise was engaged in a pattern of racketeering activity. Thus, even if not directly involved in other incidents, evidence of those incidents is nonetheless relevant at trial to prove the pattern and Defendant's knowledge thereof. Consequently, a separate trial of Defendant on the racketeering conspiracy will necessarily involve

presenting much of the same evidence the Government will present in a trial of his co-conspirators. This would result in a substantial duplication of efforts and unnecessary judicial inefficiency. Finally, failure to try Defendant his co-conspirators carries a very real risk of inconsistent verdicts and deprives the jury of an opportunity to weigh their relative culpability in the racketeering conspiracy.

What it appears Defendant is really arguing is that he should be severed from his co-defendants because he might stand a better chance of acquittal at a separate trial. Severance is not proper merely because a particular defendant may stand a better chance of acquittal in a separate trial or that the evidence against a co-defendant may be different than that against the defendant. *Zafiro*, 506 U.S. at 540; *Posada-Rios*, 158 F.3d at 863. The arguments and allegations put forth by Defendant simply do not rise to the level of demonstrating specific compelling prejudice if severance is not granted.

## III. <u>CONCLUSION</u>

Defendant was properly joined in the second superseding indictment, and he has not met his heavy burden of establishing specific compelling prejudice such that he is entitled to severance. Severance in this matter would be improper under the circumstances and would only result in forcing the Government and the judicial system to expend limited resources multiple times to present essentially the same case. For the foregoing reasons, the United States respectfully requests that the Court deny Defendant's Motion for Severance.

AARON F. REITZ
United States Attorney
Southern District of Texas

By Byron H. Black
Byron H. Black
Assistant United States Attorney
SDTX Fed. No. 3874745

1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9432
Email: Byron.Black@usdoj.gov

*/s/ Kelly Zenón-Matos*
Kelly Zenón-Matos
Assistant United States Attorney
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9362
Email: Kelly.Zenon@usdoj.gov

*/s/ Molly K. Smith*
Molly K. Smith
Trial Attorney
Department of Justice
Violent Crime and Racketeering Section
1301 New York Ave, NW
Washington, DC 20005
Tel: (202) 531-8701
Molly.Smith@usdoj.gov

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on September 15, 2026, to the CM-ECF system of the United States District Court for the Southern District of Texas for electronic delivery to all counsel of record.

Byron H. Black
Assistant United States Attorney