**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **4:24-cr-00543** |
| | § | |
| **BRADLEY RICKENBACKER** | § | |

**DEFENDANT BRADLEY RICKENBACKER'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO SUPPRESS**

TO THE HONORABLE KEITH P. ELLISON:

Defendant Bradley Rickenbacker files this Notice of Supplemental Authority in support of his pending Motion to Suppress Evidence Derived from Cell Tower Dump Warrant and Flock ALPR Surveillance, ECF No. 396. On October 1, 2026, the United States District Court for the Northern District of Oklahoma issued an Opinion and Order granting a motion to suppress evidence derived from a warrantless query of the Flock automated license plate reader ("ALPR") system. *United States v. Kyle*, No. 26-CR-00189-SEH, ECF No. 62 (N.D. Okla. Oct. 1, 2026). A complete copy of the opinion is attached as Exhibit A.

*Kyle* is directly relevant to the Flock issue presented in Part VI of Mr. Rickenbacker's motion. There, an officer queried Flock and obtained more than fifty detections documenting approximately one month of a vehicle's movements across multiple states. Ex. A at 34, 37. Applying *Carpenter v. United States*, 585 U.S. 296

(2018), and *Chatrie v. United States*, 609 U.S. ___, 146 S. Ct. 2193, 2199 (2026), the court held that the warrantless query constituted a Fourth Amendment search because the aggregated historical data revealed the whole of the vehicle user's physical movements. Ex. A at 31–37. The court suppressed the evidence obtained after the ALPR query as fruit of the unlawful search. *Id.* at 37–38.

The same reasoning supports Mr. Rickenbacker's pending challenge. As set out in the motion, officers used a searchable, cross-jurisdictional Flock database over a period of months to obtain dated and geolocated photographs of Mr. Rickenbacker's movements and associations. Mot. Part VI.A–B. The Government then relied on Flock captures dated December 1 and December 25, 2024, in the February 2025 Koncir Affidavit supporting the warrant to search Mr. Rickenbacker's residence. *Id.* Part VI.A, C. The surveillance alleged here is therefore at least as sustained as the approximately month-long history held constitutionally protected in *Kyle*, and it was used to infer personal and organizational associations rather than merely to identify a vehicle.

*Kyle* further supports the derivative-evidence analysis requested in the pending motion. The *Kyle* court suppressed evidence derived from the unlawful Flock query. Ex. A at 37–38. Mr. Rickenbacker likewise requests that the Court excise the warrantless Flock material from the later warrant affidavits, determine whether the remaining allegations establish probable cause, and suppress the resulting evidence if they do not. Mot. Part VI.C.

*Kyle* is persuasive rather than controlling authority, and its separate holding concerning prolongation of a traffic stop is not presented here. Its ALPR analysis nevertheless concerns the same technology and retrospective database function and applies *Carpenter* and *Chatrie* to circumstances closely analogous to those alleged in the pending motion.

WHEREFORE, Mr. Rickenbacker respectfully requests that the Court consider the attached supplemental authority in deciding his pending Motion to Suppress and request for an evidentiary hearing.

Respectfully submitted,

/s/ Michael DeGeurin
Michael DeGeurin
Federal Bar No. 23288
Foreman DeGeurin & DeGeurin
300 Main St., 3rd Floor
Houston, Texas 77002
Telephone No. (713) 655-9000
Facsimile No. (713) 655-1812
m2degeurin@foremandegeurin.com
Attorney for Mr. Rickenbacker

**CERTIFICATE OF SERVICE**

On the day of filing, undersigned counsel served a true copy of this filing on the Assistant United States Attorney through the Court's CM/ECF system.

/s/ Michael DeGeurin
Michael DeGeurin